**ALLSTATE INSURANCE COMPANY, a corporation, Plaintiff and Appellant,**

v.

**Richard Bruce ANDERSON, Defendant and Respondent.**

**No. 16411.**

Supreme Court of Utah.

March 3, 1980.

L. E. Midgley, Salt Lake City, for plaintiff and appellant.

N. George Daines of Daines & Daines, Logan, for defendant and respondent.

STEWART, Justice:

Plaintiff, Allstate Insurance Company, brought this action to recover no-fault insurance benefits paid to its insured, the defendant, following a settlement between the defendant and the insurance carrier of a third-party tortfeasor.

In January 1976 defendant, a passenger in a vehicle insured by Allstate, was injured in an automobile accident. Pursuant to his claim, Allstate paid defendant $2,000 in no-fault medical benefits. Subsequently, defendant filed suit against the tortfeasor, who was insured by State Farm Mutual Insurance Company. Defendant entered into a settlement agreement with State Farm. On settlement of that suit defendant executed a release, and State Farm agreed to pay a settlement amount of $10,-000. Two thousand dollars of this amount

was made payable jointly to defendant and Allstate. Defendant refused to deliver the draft, and Allstate initiated this action.

The issue is whether Allstate is entitled, because of a right of subrogation, to recover the no-fault payments made to its insured out of proceeds of a settlement with a third-party tortfeasor.

We hold that *Allstate Insurance Co. v. Ivie,* Utah, 606 P.2d 1197 (1980), is dispositive of this case.

The judgment in favor of defendant is affirmed. Costs to Respondent.

MAUGHAN and WILKINS, JJ., concur.

CROCKETT, Chief Justice (concurring with comments):

I concur on the basis that the recently decided case of *Allstate Ins. Co. v. Ivie*[1] is now to be recognized as the law of this state. However, inasmuch as that case made a change in our law,[2] I think it appropriate to make some further observations.

In cases such as this, it is important to keep in mind the distinction between the two classes of claims: first, the personal injury protection (PIP) benefits, which are paid to the claimant (the person who suffers injuries) by his own insurer, regardless of fault. Second, there is the possible tort claim against the alleged wrongdoer, backed up by his insurer. If it appears that the wrongdoer "is or would be legally liable" to the claimant, then the wrongdoer's insurer must reimburse the claimant's insurer for its PIP payments it has made, this to be done under the procedure provided in Section 31–41–11, U.C.A.1953; and this PIP payment is not to be considered as part of any settlement between the claimant and the wrongdoer or his insurer. (Unless the parties clearly understand and agree otherwise.)

It is important that parties involved in such situations be aware of these rights and obligations, as now adjudicated, under the No-Fault Insurance Act. This, in order to prevent double recovery, and double payment for the same loss, and incidentally, to avoid increased costs of insurance coverage, in frustration of the very purpose of that act.

HALL, J., concurs in the views expressed in the concurring opinion of CROCKETT, C. J.

---

1. Utah, 606 P.2d 1197 (1980).

2. See dissenting opinions in *Allstate Ins. Co. v. Ivie,* supra, note 1.